NOT FOR PUBLICATION

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : | MDL No. 2020 |
| IN RE: AETNA UCR LITIGATION | : | Master File No. 2:07-cv-3541 |
|  | : |  |
| This document relates to: *Spinal Imaging, Inc. v. Aetna Health Management, LLC, et al.,* No. 2:10-cv-35 | : | **OPINION & ORDER** |
|  | : |  |
|  | : | Date: September 20, 2010 |
|  | : |  |
|  | : |  |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the motion to remand filed by Plaintiff Spinal Imaging, Inc. ("Spinal Imaging"). The Court has considered the motion on the papers pursuant to Fed. R. Civ. P. 78.

### I. BACKGROUND

Spinal Imaging originally initiated this action in the Superior Court for Suffolk County, Massachusetts. Defendants Aetna Health Management, LLC and Aetna Life Insurance Company (together, "Aetna") timely removed the case to the U.S. District Court for the District of Massachusetts, contending that both diversity jurisdiction and federal question jurisdiction exist. Aetna subsequently notified the Judicial Panel for Multidistrict Litigation (the "MDL Panel") that the case was a potential tag-along to *In re: Aetna UCR Litigation*, MDL 2020, currently pending before this Court. On December 7, 2009, the MDL Panel issued a conditional transfer order, and on December 22, 2009, transferred Spinal Imaging's case to this Court for consolidation with MDL 2020.

Spinal Imaging now moves to have its case (1) removed from the MDL, and (2) remanded to Massachusetts state court. The Court will consider each application in turn.

## II.  INCLUSION IN MDL 2020

A transferee court like this one does not have the authority to remand a case back to its transferor court once it is consolidated with an MDL.  *See In re Roberts*, 178 F.3d 181, 183 (3d Cir. 1999).  However, a transferee court can enter an order suggesting that the MDL Panel remand the matter.  *See* MDL Panel Rule 7.6(c).[1]  While the authority to remand a matter to the transferor court lies solely with the MDL Panel, "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee Court."  MDL Panel Rule 7.6(d).

Remand should be suggested only upon a showing of good cause.  *See In re Integrated Resources, Inc. Sec. Litig.*, 851 F. Supp. 556, 561 (S.D.N.Y. 1994).  The Court's discretion to suggest remand "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL."  *In re Bridgestone/Firestone, Inc. Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001) (citing *In re Air Crash Disaster*, 461 F. Supp. 671, 672-73 (J.P.M.L. 1978)).  Remand should not be suggested when continued consolidation will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."  *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002).

A suggestion of remand is appropriate here.  There appear to be no common issues of fact or law between this case and the MDL.  Spinal Imaging's Complaint contains no allegations regarding third-party databases like Ingenix or "usual and customary rates," or even a hint of a

---

[1]  Rule 7.6(c) states in full: "The Panel shall consider remand of each transferred action...at or before the conclusion of coordinated or consolidated pretrial proceedings on (i) motion of any party, (ii) suggestion of the transferee district court, or (iii) the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order."

conspiracy by Aetna to manipulate such rates, as alleged in the other MDL cases.  Rather, Spinal Imaging's case is pled as a straightforward breach of contract suit based on Aetna's denial of benefits.  *See, e.g.*, Compl. ¶ 11 ("Defendants paid to Plaintiff, in full or in part, bills of Plaintiff for services so rendered, but failed to compensate Plaintiff for numerous other such bills, in whole or in part."); ¶ 14 ("Defendants breached their contractual responsibilities . . . by failing to promptly pay Plaintiff for the aforesaid services when liability to make these payments was reasonably clear."); ¶ 27 (Defendants "breached [their] contract or implied agreement with Plaintiff by failing to pay Plaintiff monies for services rendered").  Because Spinal Imaging and the cases in the MDL are based on different theories of wrong, the voluminous discovery that the lead MDL plaintiffs have collected will likely not benefit Spinal Imaging, there is no risk of inconsistent rulings, and there is little efficiency to be gained from coordinated proceedings.

### III.  FEDERAL SUBJECT MATTER JURISDICTION

Spinal Imaging seeks remand to Massachusetts state court, arguing that removal of this matter to federal court was not proper because the parties are "not truly diverse."  This argument is based on a fundamental misunderstanding of diversity jurisdiction.  Rather than addressing the citizenship of the parties, Spinal Imaging focuses on Aetna's substantial "contacts" with Massachusetts.  Such contacts are irrelevant to the jurisdictional analysis.  *See* 28 U.S.C. § 1332© (for purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also McBryde v. Continental Airlines, Inc.*, No. 09-4112, 2009 WL 3242134, at *1 (D.N.J. Oct. 6, 2009) ("[Defendant's] contacts with [a forum] are irrelevant in determining its citizenship for purposes of diversity jurisdiction.").

Regardless, diversity jurisdiction clearly exists here. 28 U.S.C. § 1332. First, there is complete diversity of citizenship between the parties: Spinal Imaging is a citizen of Maine and Massachusetts; the Aetna Defendants are citizens of Connecticut and Pennsylvania.[2] Second, the amount in controversy exceeds the jurisdictional minimum: Spinal Imaging is seeking unpaid benefits in the amount of $1,064,915. Aetna's removal of this action to the U.S. District Court for the District of Massachusetts was therefore proper.

### IV. CONCLUSION & ORDER

For the foregoing reasons, **IT IS** on this 20th day of September 2010,

**ORDERED** that Plaintiff's motion for remand [Docket No. 26] is **GRANTED** in part and **DENIED** in part. The Court hereby suggests that *Spinal Imaging, Inc. v. Aetna Health Management, LLC*, No. 2:10-cv-35, be remanded by the Judicial Panel for Multidistrict Litigation to its transferor district court, the U.S. District Court for the District of Massachusetts;[3] and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the Clerk of the U.S. District Court for the District of Massachusetts and to the Clerk of the Judicial Panel for Multidistrict Litigation.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[2] Aetna Health Management, LLC is a citizen of Pennsylvania and Connecticut. *See Kalian at Poconos, LLC v. Saw Creek Estates Cmty. Ass'n*, 275 F. Supp. 2d 578, 586 (M.D. Pa. 2003) (noting that for purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members). Aetna Life Insurance Company is a citizen of Connecticut.

[3] Consistent with this Opinion and Order, the Court is *not* suggesting that this case be remanded to Massachusetts state court.